IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARGIE COLE, )
   As Administratrix of the Estate )
   of Stuart Cole, deceased, *et al.* )
       *Plaintiff,* )
)
v. ) Civil Action No. 3:19-CV-0004–HEH
)
WAL-MART STORES EAST, LP, )
and WALMART, INC., )
)
       *Defendants.* )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

This matter is before the Court on Defendants' Plea in Bar (the "Motion") (ECF No. 1 Ex. B), which the Court will construe as a Motion to Dismiss. Margie Cole ("Plaintiff") asserts several claims on behalf of her deceased son, Stuart Cole ("Cole"), which stem from his assault in a store parking lot owned by Wal-Mart Stores East, LP, and Walmart, Inc. ("Defendants"). For the reasons stated below, the Motion will be granted.

## I. BACKGROUND

On the night of August 22, 2011, Cole went to the Walmart Supercenter located at 1800 Carl D. Silver Parkway in Fredericksburg, Virginia. (Am. Compl. ¶¶ 1, 8.) While Cole was in the store, several large men approached and harassed him. (*Id.* at ¶¶ 9–11). Cole informed store employees of the incident and his concerns for his personal safety. (*Id.* at ¶¶ 12–14.) Plaintiff alleges that, after Cole returned to the parking lot, two cars

blocked the path of his car. (*Id.* at ¶¶ 16–18.) Then, the same men who harassed Cole in the store viciously attacked him. (*Id.* at ¶¶ 19–21.)

Following the attack, and based on the extent of his injuries, Cole was placed in a medically-induced coma. (*Id.* at ¶ 25.) He was diagnosed with a traumatic brain injury, which resulted in seizures that he endured for several years. (*Id.* at ¶¶ 2–26.) Cole died four years later, on December 15, 2015, from a stroke and seizures, which were allegedly caused by the injuries that he sustained on August 22, 2011. (*Id.* at ¶ 30.)

Cole's mother, the Plaintiff and Administratrix of his estate, filed the Complaint in Virginia state court on December 14, 2017, and on November 27, 2018, she filed an Amended Complaint. Plaintiff brings two claims: (i) a wrongful death claim and (ii) a claim alleging that Defendants failed to provide security for an invitee. On December 26, 2018, Defendants filed their Answer, Plea in Bar, and Demurrer. Defendants then removed the matter to this Court on January 3, 2019.

## II. STANDARD OF REVIEW

The Court will review Defendants' Plea in Bar and Demurrer as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See McCray v. Ardelle Assocs. Inc.*, No. 4:14-CVL-58, 2015 WL 3886318, at *1 (E.D. Va. June 23, 2015) (construing a Plaintiff's Plea in Bar and Demurrer as a Motion to Dismiss); *Noel-Batiste v. Va. State Univ.*, No. 3:12-CV-826-HEH, 2013 WL 499342, at *1 n.1 (E.D. Va. Feb. 7, 2013) (same). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)

2

(citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

When reviewing a 12(b)(6) motion, the Court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," however, the Court may consider an affirmative defense when there are sufficient facts alleged in the complaint to address the issues raised. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In their Plea in Bar, Defendants assert that Plaintiff's claims are time barred because the statute of limitations on the underlying personal injury claim has expired. The Court agrees with Defendants that Plaintiff's claim is time barred, and therefore, the Motion will be granted.

Virginia law does not create a new cause of action under § 8.01-50; it merely passes the right to sue to a representative after death. *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991). A personal representative, therefore, can only bring a wrongful death claim if a viable personal injury claim existed when the victim died. Va. Code Ann. §§ 8.01-50, 8.01-244(A). Thus, the requisite cause of action vests in the victim before death, and after death, a personal representative is only bringing this claim on behalf of the deceased. *Horn v. Abernathy*, 343 S.E.2d 318, 323 (Va. 1986). In other words, to maintain "a wrongful death action (1) the death of a person [must be] caused by a wrongful act, neglect, or default, etc., and (2) the act, neglect or default be such as would, if death had not ensued, have entitled the party injured to maintain an action for personal injuries." *Lawrence v. Craven Tire Co.*, 169 S.E.2d 440, 441 (Va. 1969) (internal quotations omitted).

In this case, the alleged assault occurred in 2011, and Cole did not file a lawsuit prior to his death in 2015.[1] The statute of limitations for any personal injury claim arising from this incident ran by 2013 due to the two-year time limit for filing. *See* §§ 8.01-230, 8.01-243. Thus, Plaintiff cannot assert this cause of action as Cole's personal representative under § 8.01-50 and § 8.01-244. Therefore, while Plaintiff filed the initial Complaint within the two-year extension allotted to personal representatives to bring a claim on a decedent's behalf, *see* Va. Code Ann. § 8.01-244(B); here, Plaintiff's cause of action did not survive Cole's death because the underlying claim had already expired.

---

[1] Under Va. Code Ann. § 8.01-230, the statute of limitations begins on the date of injury and, under Va. Code Ann. § 8.01-243, it only runs for two years in personal injury actions.

## IV. CONCLUSION

In sum, the Court finds that Plaintiff's claim is time barred and, consequently, the Motion will be granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 8, 2019
Richmond, Virginia